Exhibit 2




IN THE DISTRICT COURT OF PAYNE COUNTY
STATE OF OKLAHOMA

IBRAHIM A. AHMAD,

Plaintiff,

v.

THE STATE OF OKLAHOMA, EX REL., THE BOARD OF REGENTS OF THE AGRICULTURAL AND MECHANICAL COLLEGES, a Constitutional state agency,

Defendant.

Case No. CJ-2014-166

## PETITION

Plaintiff, Ibrahim A. Ahmad ("Plaintiff"), for his causes of action against Defendant, The State ("Defendant"), alleges and states:

### The Parties

1. At all relevant times herein mentioned, Plaintiff was and now is a resident of the County of Payne, City of Stillwater, State of Oklahoma.

2. At all relevant times herein mentioned, Defendant The State of Oklahoma, ex rel., The Board of Regents of the Agricultural and Mechanical Colleges ("OSU"), was and now is a constitutional state agency whose principal place of conducting its educational business was and now is in the City of Stillwater, Payne County, State of Oklahoma.

### Fact Allegations

4. Plaintiff is a male of Egyptian decent, of the Muslim faith who is 69 years of age.

5. Plaintiff went to work for OSU as a Regents Professor and Head of the Department of Statistics ("Department") on or about June 1, 2008.

6. Plaintiff never received any write-ups and never had corrective action taken against

him in several years of dedicated service to Defendant.

7. From and after the date of his first employment with Defendant the terms and conditions of his employment were unfavorable in that he, as an Egyptian American, of the Muslim faith was made to jump through hoops to get the necessary items he needed to perform his job duties and functions. The Dean of the Department, Bret Danilowicz, would not approve any requisitions for me like he would for others, not of Egyptian decent or of the Muslim faith, similarly situated in my Department.

8. Dean Danilowicz and Provost Robert Sternberg continuously caused roadblocks in an effort to interfere with Plaintiff's performance of his job duties and functions. Other members of Plaintiff's Department were not subjected to the same treatment. Plaintiff was singled out because of his race, national origin and religious preference.

9. The conditions became so intolerable, that on or about November, 2012, Plaintiff advised Dean Danilowicz that he desired to resign as Head of the Department.

10. Matters came to a head when on or about March 8, 2013, Dean Danilowicz had his office manager set an appointment under the guise of discussing the Head position.

11. Unbeknownst to Plaintiff, Dean Danilowicz, set the appointment such that he could terminate Plaintiff's position with OSU.

12. Dean Danilowicz arrived at Plaintiff's office with members of the OSU Police Department.

13. Plaintiff was shocked and surprised to see Dean Danilowicz with OSU police officers and was confused as to what was going on.

14. Dean Danilowicz entered Plaintiff's office and handed him a letter of termination. He further advised Plaintiff to leave the OSU premises immediately, not even allowing Plaintiff

time to gather his personal effects. Plaintiff was escorted off campus by the police officers.

15. No warning was ever afforded Plaintiff about Dean Danilowicz' s actions and the only reason given to Plaintiff for his termination was that he was being terminated for non-compliance with the Oklahoma tax laws. This was not communicated orally to Plaintiff, but rather, was merely stated in the letter of termination.

16. A subsequent investigation determined that Plaintiff was not in violation of the stated laws. Plaintiff was reinstated within one week of the termination.

17. OSU did not follow the law or its own internal policies with regard to the stated statutory provisions or with regard to employment actions against tenured professors.

18. By the time Plaintiff was reinstated the damage to his health, professional reputation and business interests had already been irreparably damaged.

19. Plaintiff timely filed his charge of discrimination on December 27, 2013, within 300 days of the last date of discrimination, alleging race, color, religious and national origin discrimination with the Equal Employment Opportunity Commission, Charge Number 564-2014-00321. A true and correct copy is attached hereto as Exhibit "1".

20. This action has been brought timely following receipt of the Notice of Suit Rights Letters on his charge dated January 16, 2014. A true and correct copy of which is attached hereto as Exhibit "2".

21. Plaintiff filed a Notice of Tort Claim and filed it on the Office of Management and Enterprise Services within one year of the date of termination.

22. Plaintiff received a denial of his Tort Claim Notice on or about April 14, 2014. A true and correct copy of which is attached hereto as Exhibit "3".

23. This matter has been brought within 180 days of the denial of Plaintiff's Tort Claim

Notice, and is therefore, timely pursuant to the Oklahoma Governmental Tort Claims Act.

## FIRST CAUSE OF ACTION

## VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED

24. Plaintiff incorporates by reference Paragraphs 1 through 23 as though set forth in full herein.

25. Plaintiff was in a protected class as a result of his race, and national origin, Egyptian and as a result of his religious preference, Muslim.

26. Plaintiff was qualified for the positions in which he was employed at OSU as set forth hereinabove.

27. Plaintiff's race, national origin and religious preference were motivating or significant factors in the adverse employment actions taken against Plaintiff by OSU as set forth hereinabove.

28. As a direct and proximate result of OSU's discriminatory treatment, Plaintiff suffered economic loss, emotional distress and mental anguish, sleeplessness, anxiety, humiliation, embarrassment, injury to his professional reputation, and loss of enjoyment of life in a sum well in excess of $10,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 2000e-5(g);

(2) That Defendant be ordered to pay Plaintiff compensatory damages pursuant to 42 U.S.C. § 1981a in an amount to be determined by the

jury at the time of trial;

(3) That Defendant be ordered to pay Plaintiff's costs including expert witness fees and a reasonable attorney's fee pursuant to 42 U.S.C. § 2000e-5(k);

(4) For such other and further make-whole relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**NEGLIGENT HIREING, TRAINING, SUPERVISION, AND RETENTION**

29. Plaintiff incorporates by reference Paragraphs 1 through 28 as though set forth in full herein.

30. OSU had a duty to provide a workplace that is free of discrimination and retaliation and to make employment decisions in accordance with its own policies and procedures.

31. The only stated reason for the adverse employment action against Plaintiff was being out of compliance with state tax laws.

32. Plaintiff was able to demonstrate that he was not in violation of the proffered law. It was only then that Plaintiff was reinstated.

33. OSU breached its duty to Plaintiff in that it negligently and carelessly trained, supervised, and retained Administrators to allow Plaintiff to be subjected to unequal terms and conditions of employment. Including, but not limited to, failure to adhere to the stated polices of OSU with regard to tenured professors.

34. OSU hired Robert Sternberg and Bret Danilowicz when it knew or reasonably should have known that, these individuals were likely to contravene the written policies of OSU and contribute to a hostile working environment for its employees.

35. Additionally, OSU failed to properly train its personnel in adhering to its written policies and procedures with regard to tenured professors and has taken no action against any of the individuals involved in the adverse employment action against Plaintiff.

36. As a direct and proximate result of OSU's negligence, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, embarrassment, humiliation, injury to reputation, and loss of enjoyment of life, all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

37. Plaintiff filed his Notice of Tort Claim that was denied by the State of Oklahoma and this action is timely filed as required by the Oklahoma Governmental Tort Claims Act contained in 51 O.S. §151, et seq.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) For actual damages the sum in excess of $75,000, and in accordance with the proof at the time of trial;

(2) For interest thereon as provided by law;

(3) For her costs;

(4) For such other and further relief as the Court deems just and proper.

Dated this _____ day of April, 2014.

Respectfully submitted,

Scott K. Thomas, OBA # 21842
Houston, Osborn, Sexton & Thomas, PLLC
123 W. 7th Avenue, Suite 200
P.O. Box 1118
Stillwater, OK 74076
(405) 377-7618
(405) 377-8234 facsimile
ATTORNEY FOR PLAINTIFF

***ATTORNEYS' LIEN CLAIMED***
***JURY TRIAL DEMANDED***

EEOC Form 5 (11/09)

Exhibit 2

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA
[X] EEOC

and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Ibrahim A. Ahmad | (405) 533-3059 | |

Street Address / City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No (Include Area Code) |
|---|---|---|
| Oklahoma State University | More than 500 | (405) 744-1000 |

Street Address / City, State and ZIP Code

106 Whitehurst, Stillwater, OK 74075

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE [X] COLOR [ ] SEX [X] RELIGION [X] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 6/01/2008 | 3/08/2013 |

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I went to work for Oklahoma State University on or about June 1, 2008. After the University hired Provost Robert, J. Sternberg in the summer of 2010 I experienced terms and conditions of employment that were discriminatory. I was constantly caused to go to great lengths to get the items that I needed to perform my job. Dean, Bret Danilowicz would not approve anything for me, which caused great difficulty in performing my job duties and functions. Other similarly situated professors were not required to go to the lengths that I had to go to get these necessary items or gain approval for same. Dean Danilowicz and Provost Sternberg were continuously creating roadblocks to interfere with my ability to perform my job. It became so bad that in November 2012 I advised Dean Danilowicz that I desired to resign as Head.

II. On March 8, 2013, Dean Danilowicz had his office manager set an appointment under the guise of discussing my position as Head. Dean Danilowicz arrived to the meeting with members of the University police department and handed me a letter of termination. Dean Danilowicz further told me to leave the University at once and did not even allow me time to gather my personal effects. No warning was given to me and the only reasoning given for my termination was stated in the letter that was handed to me. The letter stated I was being terminated for non-compliance with Oklahoma tax laws. I was not out of compliance with the tax laws and a subsequent investigation by the University proved that I was not out of compliance. I was reinstated within one week of the termination.

III. The reasons for my termination were sham and pretextual and unworthy of belief.

IV. I believe that I have been discriminated against due to my Race, Color, Religion and National Origin, Egyptian in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12/27/2013 [signature]

Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

[signature]

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 12-27-2013

SHERRI L. HUTCHISON NOTARY PUBLIC #07003032 Exp. 03-27-15 IN AND FOR STATE OF OKLAHOMA

EXHIBIT

tabbles

1

EEOC Form 161-B (11/09)

Exhibit 2

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Ibrahim A. Ahmad**
**2306 Bridlewood Drive**
**Stillwater, OK 74075**

From: **Oklahoma City Area Office**
**215 Dean A. McGee Avenue**
**Suite 524**
**Oklahoma City, OK 73102**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **564-2014-00321** | **Tandi J. Dillard, Investigator** | **(405) 231-4317** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case.. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Tandi Dillard for

**Holly Waldron Cole,**
**Area Office Director**

January 16, 2014
*(Date Mailed)*

Enclosures(s)

cc:

**Ms. Jamie Payne**
**Asst. V.P./Chief H.R. Officer**
**OKLAHOMA STATE UNIVERSITY**
**106A Whitehurst**
**Stillwater, OK 74078**

**Mr. Scott K. Thomas**
**Houston, Osborn, Sexton & Thomas**
**P.O. Box 1118**
**123 W. 7th Avenue, Suite 200**
**Stillwater, OK 74076**

EXHIBIT 2

Exhibit 2

Michelle R. Day
Administrator
Division of Capital Assets Management



Preston L. Doerflinger
Director and Secretary of
Finance, Administration, and
Information Technology

**State of Oklahoma**
Office of Management and Enterprise Services

April 11, 2014

Scott K. Thomas
Houston, Osborn, Sexton & Thomas, PLLC
123 W. 7th Ave. Suite 200
Stillwater, OK 74074-4029

RE: Tort Claim of: Ibrahim Ali Ahmad
Risk Management No: 1420013571

Dear Mr. Thomas:

The Office of the Oklahoma Attorney General has completed the process of evaluating the above-referenced tort claim. After careful consideration of the facts, your client's claim is hereby denied. The basis for the denial of your client's claim includes, but is not limited to: 51 O. S. § 155 (4, 5, and 30).

The state or a political subdivision shall not be liable if a loss or claim results from:

4. Adoption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy.

5. Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees.

30. Acts or omissions done in conformance with then current recognized standards.

Further, a determination has been made that the State of Oklahoma was not negligent in this matter.

Your client's claim is denied as of April 11, 2014. No action for any cause arising under the Act shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim. Please be advised that this letter does not extend the statutory time limits prescribed by the Governmental Tort Claims Act.

You have the right, under Oklahoma law, to differ with the decision to deny your client's tort claim. The right to seek compensation by suit in District Court may be restricted by the limitations period prescribed by law.

Sincerely;

Adriano Coronel

Adriano Coronel
MMSEA Specialist & Liability Advisor
Oklahoma Risk Management Department

EXHIBIT
tabbies
3